# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RICHARD E. MARTI, <br><br> Plaintiff, <br><br> vs. <br><br> INTERSTATE POWER AND LIGHT and ALLIANT ENERGY CORPORATE SERVICES, INC., <br><br> Defendants. | No. 15-CV-1016-LRR <br><br> **ORDER** |

_____

The matter before the court is Plaintiff Richard E. Marti's "Motion to Remand to State Court" ("Motion") (docket no. 9), which Marti filed on August 21, 2015. On August 28, 2015, Defendants filed a Resistance (docket no. 10). On September 3, 2015, Marti filed a Reply (docket no. 11).

In the Complaint, Marti asserts claims for employment discrimination based on a disability under the Iowa Civil Rights Act and the Americans with Disabilities Act. *See* Complaint (docket no. 3). On May 18, 2015, Defendants removed the case to this court on the basis of federal question jurisdiction. *See* Notice of Removal (docket no. 2). In the Motion, Marti argues that the court does not have jurisdiction over his Iowa state law claims and, therefore, the court must sever the state law claims and remand only those claims to the Iowa District Court for Allamakee County. *See* Brief in Support of the Motion (docket no. 9-1).

28 U.S.C. § 1441 states:

> (1) If a civil action includes—
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

28 U.S.C. § 1441(c). The instant case does not include "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." *Id*. Marti's state law claims are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," and the court may therefore exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367. Therefore, because removal was proper and the court has supplemental jurisdiction over the state law claims, the court will not sever the state law claims. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of September, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA